CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 05 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:98CR30015 |
| v. | **MEMORANDUM OPINION** |
| ALFRED LEE DAY, | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Alfred Lee Day has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2).* For the following reasons, the motion must be denied.

### Background

On September 4, 1998, a jury convicted Day of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, the probation officer prepared a presentence report, which designated Day as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable guideline range based on that provision. At the time of sentencing, the court adopted the presentence report in all relevant respects. In light of the career offender designation, the guideline range of imprisonment was 262 to 327 months. The court ultimately imposed a 262-month term of imprisonment.

Day now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under

---

\* Day was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

§ 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising the defendant that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The motion for reduction of sentence is now ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Day's applicable guideline range was his career offender range of 262 to 327 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014). Consequently, Day is not eligible for a sentence reduction under

2

§ 3582(c)(2), since Amendment 782 did not have the effect of lowering his applicable guideline range. See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender . . . , Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

For these reasons, Day's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 5th day of October, 2016.

_____
Chief United States District Judge

3