IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:98-CR-30015 |
| v. | ) |
| | ) |
| ALFRED LEE DAY, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORADUM OPINION

Proceeding pro se, defendant Alfred Lee Day seeks early termination of his term of supervised release. ECF No. 62. For the reasons stated below, the court **DENIES without prejudice** Day's motion.

Following his 1998 conviction for possession with intent to distribute cocaine and a finding that he was a career offender under the sentencing guidelines, Day was sentenced to a term of 262 months of incarceration in the federal Bureau of Prisons, to be followed by a six-year term of supervised release. Minutes of Jan. 12, 1999 and Mem. Op., ECF No. 58. Upon completion of his federal sentence, Day served a one-year sentence in the Virginia Department of Corrections. ECF No. 62. Day has been out of custody since February 2019, id., and has now served more than three years of his term of supervised release.

The United States is not opposed to Day's motion for early termination but did express its opinion that additional time on supervised release might prove beneficial to Day. ECF No. 64. The court sought input from Day's United States Probation Officer who stated that Day has been fully compliant with the terms of supervised release. All of his drug screens have been negative and he has not had any additional criminal charges. The officer noted that in

1

January 2021 the Roanoke Police department was told of a rumor that Day was involved in drug distribution. However, an investigation revealed no evidence that Day was involved in criminal activity. Because no evidence suggests that Day was selling drugs and because he has had a positive adjustment to supervision, the officer does not object to early termination of Day's period of supervised release.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States

v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of Day's offense weigh against early termination of supervision. According to the Presentence Investigation Report (PSR) filed in his case, Day was responsible for distributing 452.55 grams of cocaine base and 30.74 grams of powder cocaine, which was the equivalent of 9057.148 kilograms of marijuana. PSR, ECF No. 66, ¶ 8. Drug distribution is a serious offense and Day's conviction weighs against early termination of supervised release.

Looking at Day's history and characteristics, as a young man, Day had several criminal convictions, including convictions for assault and battery and distribution of cocaine. Id., ¶¶ 28, 35. In 1990, at the age of 23, he was sentenced in state court to a term of six years, suspended for 90 days in jail, and two years of probation for distribution of cocaine. Upon his

3

release from custody, Day began selling drugs again almost immediately. Id., ¶ 35. He was arrested and charged with distribution of cocaine base in federal court in 1991 and sentenced to a term of 77 months and 4 years of supervised release. Id., ¶ 37. Two years after his release from federal prison, Day was arrested for the instant offense. Day's repeated arrests and convictions for drug distribution weigh against early termination of supervision.

Day was raised by his single mother and his grandmother. He graduated from high school and when he was not incarcerated, he had some work experience on a cleaning crew and with other short-term jobs. Id. ¶¶ 54-56. These factors weigh neither for nor against early termination of supervision.

Day represents to the court that since his release from prison, he has been employed full time with a local hospital as a floor technician and has been named employee of the month several times. He also works part-time for his sister's catering business. He obtained a driver's license on his first attempt and has raised his credit score to an impressive level. Day's probation officer confirms that he has done well on supervision and has had no violations. Day's continued employment and successful compliance with the terms of supervision weigh in favor of early termination.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, the court finds that having Day remain on supervised release for now will benefit both him and the public. The three years that Day has been on supervised release is the longest amount of time he has gone as an adult without being incarcerated or running afoul of the law. Continuing his term of supervision will provide Day with additional structure

4

and guidance from his probation officer and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the range of supervised release terms for the category of offense committed by Day, under both the statute and the United States Sentencing Guidelines, he faced a minimum supervision term of six years. Id., ¶¶ 62-63. Because Day has served slightly more than half of his term of supervised release, the court finds this factor to be neutral in deciding whether early termination is appropriate. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Taken as a whole, the court finds that the § 3553(a) factors weigh in favor of having Day continue his period of supervision. To be sure, the court is impressed with Day's successful transition to life outside of prison. However, serving additional time on supervised release will provide Day with additional structure and assistance from his probation officer and will serve to protect the public. Accordingly, Day's motion for early termination of supervision is **DENIED without prejudice**. He may refile his motion after February 14, 2023.

An appropriate order will follow

It is so **ORDERED**.

ENTERED: April 12, 2022

Michael F. Urbanski
Chief United States District Judge

5